32 So.2d 793

**CARY v. GRUBBS et al.**

**6 Div. 454.**

Supreme Court of Alabama.

Oct. 16, 1947.

Rehearing Denied Dec. 18, 1947.

Jas. W. Aird and J. B. Ivey, both of Birmingham, for appellant.

Griffin Lamkin and Rogers Bite, both of Birmingham, for appellee.

LAWSON, Justice.

This is a bill in equity filed by Lula Cary against W. W. Grubbs, as the personal representative of Mrs. L. D. Fischel, deceased, and against the deceased's unknown heirs, for specific performance of a lease sale contract.

The contract is made an exhibit to the bill. It was executed on December 1, 1934. The provisions of said contract here material may be summarized as follows: Mrs. Fischel rented and leased to Lula Cary certain described premises situate in Jefferson County, Alabama, to be used by the latter solely as a residence for a term of twelve years and one month, from the 1st day of January, 1935, to the 1st day of February, 1947. Lula Cary agreed to pay to Mrs. Fischel the sum of $1,500. She paid $50 in cash. The balance of $1,450 was divided into 145 payments of $10 each *"payable monthly with interest at the rate of eight percent per annum, each note carrying its own interest each evidenced by book bearing legal interest, payable at the office of 1921-1st Ave., Birmingham, Alabama, on the 1st day of each month during said term, in advance, being at the rate of $120.00 per annum."* (Emphasis supplied.) Failure of Lula Cary to pay rent as provided would give to lessor the right to reenter premises and annul lease. Lula Cary agreed to pay all taxes during said term and all street and sidewalk assessments should any be made. The contract further provided that at the end of the term of the

lease if Lula Cary had complied with all the conditions of the lease then Mrs. Fischel, the lessor, should consider the rent so paid as payment for the property and make conveyance thereof to Lula Cary by warranty deed. It was also provided that if Lula Cary "should at any time before the maturity thereof desire to pay off the remaining monthly payments, as named herein she shall have the right to do so, *and shall be entitled to a rebate on such advance payments of all unearned interest, it being intended that only the earned interest shall be collected."* (Emphasis supplied.)

The bill was filed on May 18, 1944, before the term of said lease had expired. The bill alleges the execution of the contract and as before stated, made the contract exhibit thereto; that complainant had paid all the purchase price of said property except the sum of $205.24 and has paid all interest, insurance, and taxes accruing thereon; that before filing the bill she made demand on personal representative of Mrs. Fischel for a statement showing the balance due under the contract to complete payment therefor under the terms of the contract, and advised such personal representative that she was ready and willing to make final payment of correct amount due so that she might receive deed to the property in accordance with terms of the contract; that the said personal representative replied by demanding a sum "greatly in excess of the aforesaid balance as due by complainant for completion of payment under such Lease Sale Contract"; that complainant was in possession of said property and had been since entering into the contract; that the sum of $205.24, which was the amount complainant claimed to be due under the contract to entitle her to a deed to the property, was deposited with the register of the court.

The bill prays (1) that respondents be required to execute and deliver to complainant a good and sufficient "deed of Warranty" to the said property; (2) that costs be taxed against respondents; (3) that damages be awarded complainant for failure of respondents to execute and deliver to complainant a deed to the property.

The answer of respondents was in effect a general denial of the averments of the bill.

The evidence was taken orally in open court when the parties were present and testified, resulting in a decree denying complainant the relief prayed and taxing the costs against her. From such decree complainant prosecutes this appeal.

As observed by the trial court in its decree, complainant did not offer to do equity. She did not ask the court to determine the amount which she should pay at that time under the terms of the contract to secure a deed to the property. In effect, in her bill she says, I have determined how much I must pay and I have paid that amount to the register and in this, my bill of complaint, I am merely asking the court to order respondents to accept the amount which I have paid to the register and execute and deliver to me a warranty deed to the property.

Even if evidence most favorable to complainant is considered, the maximum amount paid on principal and interest by her prior to the filing of the bill could not be found to exceed $1,245.31. The amount of money paid to the register, according to the averments of the bill, was $205.24 which, when added to the sum of $1,245.31 (the amount which complainant contends she had paid on principal and interest), amounts to $1,450.55, an amount approximately equal to the amount of the deferred payments, namely, $1,450. So it appears that complainant arrived at the amount which she should pay to secure the deed merely by subtracting the amount paid by her on principal and interest prior to the filing of the bill from the principal amount of the deferred payments.

The contract is not subject to such construction.

We agree with the following interpretation which the trial court placed on the provision of the contract relating to the payment of interest on the deferred payments: "The court interprets the interest provision of the contract between the parties to mean that whenever a principal amount of ten dollars is paid the interest that has accrued on that ten dollars should be paid also."

At the time complainant filed her suit, which was approximately thirty-two months before the expiration of the term of the lease, in order to secure a deed to the property she had to pay the amount which she would have paid on principal and interest at the end of the term if all payments were properly made, less the amount of the thirty-two notes not yet due and the unearned interest on said thirty-two notes. We think that under the terms of the contract the amount which complainant was required to pay to secure execution of the deed at the time the bill was filed (May 18, 1944) was also determinable in the following manner: At that time 113 of the 145 months covered by the lease had expired. She was expected to have paid all principal and interest up until that date, approximately $1,559.40. The evidence most favorable to complainant shows that she had only paid up to the time the bill was filed the sum of $1,245.31, leaving a balance due by complainant of $314.09 on principal and interest up to the time the bill was filed; (2) when the bill was filed (May 18, 1944) there were thirty-two principal notes of $10 each yet to be paid, consequently she had to pay $320 on unpaid principal; (3) in addition, she was required to pay the interest which had accrued on the unpaid principal, which we calculate to approximate $241.07. These three items total $875.16.

It is readily apparent, therefore, that the amount which the complainant deposited with the register ($205.24) did not approach the amount necessary to require respondents to execute a deed. Consequently, the trial court correctly refused to require that the deed be executed.

We have not tried to determine here the exact amount which was necessary for complainant to pay at the time the bill was filed in order to secure execution of the deed. The amounts used by us are, we think, approximately correct, but have been used merely for the purpose of illustrating how far we think the complainant failed to pay into court the amount required under the terms of the contract.

We are also of the opinion that the trial court correctly refused to award complainant damages as prayed for in the bill of

complaint. The evidence totally fails to support complainant's claim as to damages.

The decree is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.